# IN THE SUPREME COURT OF THE STATE OF NEVADA

JUAN J. GARCIA,
Appellant,
vs.
BRIAN WILLIAMS, WARDEN,
Respondent.

No. 71374

FILED

NOV 0 1 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER VACATING AND REMANDING

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Kathy A. Hardcastle, Senior Judge.

Appellant Juan Garcia argues that the credits he has earned pursuant to NRS 209.4465 must be applied to his parole eligibility as provided in NRS 209.4465(7)(b) (1997). In rejecting Garcia's claim, the district court did not have the benefit of our recent decision in *Williams v. State*, 133 Nev., Adv. Op. 75, ___ P.3d ___ (2017).[1] There, we held that credits apply to parole eligibility as provided in NRS 209.4465(7)(b) (1997) where the offender was sentenced pursuant to a statute that requires a minimum term of not less than a set number of years but does not expressly mention parole eligibility.

---

[1]Having considered Garcia's pro se brief and given our decision in *Williams*, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

17-37392

The record is unclear as to the sentence that Garcia is serving.[2] It appears that currently he is serving an aggregated sentence that includes an enhancement sentence for the use of a deadly weapon related to a first-degree kidnapping committed on or between July 17, 1997, and June 30, 2007. Pursuant to NRS 209.4465(7)(b) (1997), Garcia would not be entitled to have the credits he has earned applied to his parole eligibility on that weapon-enhancement sentence because it was imposed pursuant to a statute that required that he serve a minimum of 5 years before he is eligible for parole. *See* NRS 193.165 (1995) (providing sentence for weapon enhancement based on sentence for primary offense); NRS 200.320(2) (setting forth sentencing range for first-degree kidnapping where victim suffered no substantial bodily harm). It appears, however, that the aggregated sentence includes other sentences imposed pursuant to statutes that required a minimum term of not less than a set number of years but did not expressly mention parole eligibility. *See, e.g.,* NRS 193.165 (1995) (providing sentence for weapon enhancement based on sentence imposed for primary offense); NRS 200.380(2) (setting forth sentencing range for robbery). If that is accurate, then pursuant to NRS 209.4465(7)(b) (1997) and *Williams,* credits earned under NRS 209.4465 would apply to Garcia's parole eligibility on those sentences. *See generally* NRS 213.1212 (addressing eligibility for parole where prisoner's sentences have been

---

[2]As noted in *Williams,* Garcia is not entitled to relief on any sentences that he has already expired or on which he has appeared before the parole board. 133 Nev., Adv. Op. 75 at 10 n.7.

SUPREME COURT
OF
NEVADA

(O) 1947A

2

aggregated).[3] Because the record is not sufficiently developed to resolve these issues and the district court did not have the benefit of our decision in *Williams*, we

ORDER the judgment of the district court VACATED AND REMAND this matter for the district court to reconsider its decision in light of *Williams*.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:  Chief Judge, The Eighth Judicial District Court
Hon. Kathy A. Hardcastle, Senior Judge
Juan J. Garcia
Attorney General/Carson City
Attorney General/Las Vegas
Eighth District Court Clerk

---

[3]It is unclear from the record whether Garcia has appeared before the parole board on the aggregated sentence; if so, the court cannot grant him any relief, as explained in *Williams*. The district court may consider any evidence in that respect on remand.